NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JAY P. CLARK, DBA Crystal Springs Ranch, <br><br> Debtor, <br><br> ------------------------------- <br> JAY P. CLARK, DBA Crystal Springs Ranch, <br><br> Appellant, <br><br> v. <br><br> TOM DEVRIES; DEVRIES FAMILY FARM, LLC; SIMPLOT GROWER SOLUTIONS; MURPHY LAND COMPANY, LLC, <br><br> Appellees. | No.14-35242 <br><br> D.C. No. 1:13-cv-00305-EJL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted May 6, 2016[**]
Portland, Oregon

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TASHIMA, TALLMAN, and HURWITZ, Circuit Judges.

Jay Clark, d/b/a Crystal Springs Ranch ("Debtor"), appeals an order of the district court affirming the bankruptcy court's conversion of his Chapter 12 case into one under Chapter 7. We have jurisdiction under 28 U.S.C. § 158(a), (d). *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 770 (9th Cir. 2008) ("[A] bankruptcy court order converting a case from one under another chapter of the Bankruptcy Code to one under Chapter 7 is a final and appealable order."). We affirm.

1.     Although Debtor moved voluntarily to dismiss his Chapter 12 petition, the district court had the power to instead convert the case to one under Chapter 7 "upon a showing that the debtor has committed fraud in connection with the case." 11 U.S.C. § 1208(d); *see also In re Rosson*, 545 F.3d at 774 (holding that a Chapter 13 debtor's right to voluntary dismissal under 11 U.S.C. § 1307 "is not absolute, but is qualified by the authority of a bankruptcy court to deny dismissal on grounds of bath-faith conduct").

2.     The bankruptcy judge's decision to convert Debtor's case to Chapter 7 was not an abuse of discretion. *See Levesque v. Shapiro (In re Levesque)*, 473 B.R. 331, 335 (B.A.P. 9th Cir. 2012) ("We review an order regarding conversion of a case for abuse of discretion."). After a state court declared that Debtor had no right to possess or enter Crystal Springs Farm, and while his Chapter 12 case was pending, Debtor entered a contract with DeVries for the sale of 1500 tons of alfalfa hay to be

2

grown on that land. Debtor did not disclose the state court's ruling to DeVries, received $135,000 as a down payment on the hay, and failed to deliver the hay to DeVries. Debtor's purported belief that he had a legal right to the hay does not render immaterial the information he omitted telling DeVries—that a state court had determined he had no right to possess or even enter the land on which the hay grew. Debtor clearly understood the state court's determination, and nevertheless failed to disclose it. The bankruptcy judge thus reasonably rejected Debtor's claim that he operated in good faith.

**AFFIRMED**.